UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA FILED
SCRANTON

AUG 1 4 2014

PER ⟋
DEPUTY CLERK

BERNARD McMILLION,　　　　　　　　　:

　　　　　Petitioner　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　: CIVIL NO. 3:CV-14-1016
　　　　　　　　　　　　　　　　　　　:
ERIC WILSON, et al.,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　Respondents

## MEMORANDUM

Petitioner, Bernard McMillion, an inmate incarcerated at the Federal

Correctional Complex in Petersburg, Virginia, initiated this habeas corpus action

pursuant to 28 U.S.C. § 2254 on May 27, 2014.  In the petition, he challenges his

Court of Common Pleas of Dauphin County, Pennsylvania, conviction on theft by

unlawful taking charges.  Upon preliminary review of the petition pursuant to 28

U.S.C. § 2254, see R. Governing § 2254 Cases R. 4, it appeared that the petition may

be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155,

169 (3d Cir. 2005)(en banc)(holding that district courts may sua sponte raise

AEDPA's one-year statute of limitations, provided that the petitioner is provided with

notice and an opportunity to respond) set forth in the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA").  On June 16, 2014, the parties were notified

that the petition appeared to be untimely, and Respondents were directed to file a

response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations. Petitioner was also afforded the opportunity to file a reply. (Doc. 5). Following an enlargement of time, Respondents filed an answer addressing only the timeliness of the petition on July 28, 2014. (Doc. 11.) Petitioner filed a reply thereto on August 11, 2014. (Doc. 13.) The matter is now ripe for consideration and, for the reasons set forth below, the habeas petition will be dismissed as untimely.

## I.    Background

Petitioner is currently an inmate of FCC- Petersburg serving a 1-to-2 year sentence with a concurrent federal sentence in docket 1-CR-08-205-01. He pled guilty to theft by unlawful taking on October 3, 2011. (Doc. 11-1, Dauphin County Court of Common Pleas Docket CP-22-CR-0003733-2010.) He did not file a direct appeal to the Superior Court of Pennsylvania from his state conviction.

On October 18, 2012, he filed a petition for post-conviction relief ("PCRA") with the Dauphin County Court of Common Pleas. (Id.) Under the PCRA, see 42 Pa.C.S.A. § 9545(b)(1), a timely PCRA petition must be filed within one year of the defendant's sentence becoming final. On April 22, 2013, the Dauphin County Court dismissed his petition, and this dismissal was affirmed by the Superior Court of Pennsylvania on October 21, 2013. (Doc. 11-2, Superior Court Docket 788 MDA 2013.) Petitioner thereafter filed a petition for allowance of appeal to the Supreme

2

Court of Pennsylvania on November 18, 2013. (Id.) The Supreme Court denied the allowance of appeal on April 29, 2014. (Id.) The instant federal habeas corpus petition was filed on May 27, 2014.

## I. Discussion

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. No. 104-132, 110 Stat. 12214 (April 24, 1996). See 28 U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was convicted and sentenced by the Dauphin County Court on October 3, 2011. He did not file a direct appeal to the Pennsylvania Superior Court. As such, his conviction became final on November 2, 2011. The one-year federal limitations deadline commenced on this date, and expired one year later, on November 2, 2012. Hence, the instant federal petition filed on May 27, 2014 appears to be untimely. However, the court's analysis does not end here. Consideration of both statutory and equitable tolling must be undertaken.

## A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). On October 18, 2012, Petitioner filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act. While it is true that a properly filed PCRA petition tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed before the limitations period runs out, otherwise there is nothing left to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001)("'properly filed' state-court [post-conviction] petitions must be 'pending' in

4

order to toll the limitations period.  Thus, a state court petition like Tinker's that is

filed following the expiration of the federal [AEDPA] limitations period cannot toll

that period because there is no period remaining to be tolled.")(some internal

quotations omitted), reh'g denied, 273 F.3d 1123 (11th Cir. 2001).  A petition that is

timely under state law is "properly filed."  Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Pursuant to Pennsylvania law, a petition for post-conviction relief is timely if "filed

within one year of the date the judgment becomes final."  42 Pa.C.S. § 9545(b)(1).

Petitioner did not file his PCRA petition until October 18, 2012, 350 days after

his judgment of conviction became final on November 2, 2011.  As such, the period

of time within which he had to file a federal habeas petition became statutorily tolled

at this point.  When the Pennsylvania Supreme Court denied his petition for

allowance of appeal on the PCRA on April 29, 2014, the statute of limitations for

filing a federal habeas petition then began to run again.  At that point, Petitioner only

had 15 days within which to file his federal habeas petition (365-350=15), by May 14,

2014.  The instant petition was not filed here until May 27, 2014, and is clearly

untimely.

**B.  Equitable Tolling**

"Equitable tolling of the limitations period is to be used sparingly and only in

"extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185,

195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only

in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, Petitioner must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (3d Cir. 2000)(quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). The fact that a petitioner is proceeding pro se does not insulate him frm the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. See Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003).

In addition, a court measures the extraordinary circumstances prong subjectively. In analyzing whether the circumstances faced by a petitioner were extraordinary, "the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, ... *but rather how severe an*

*obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period." See Ross v. Varano, 712 F.3d 784, 802-03 (3d Cir. 2013), citing Pabon v. Mahanoy, 654 F.3d 385, 400 (3d Cir. 2011)(internal citations omitted)(emphasis in original).  To obtain relief, there must be a causal connection, or nexus, between the extraordinary circumstances petitioner faced and his failure to file a timely federal petition. See Nara v. Frank, 264 F.3d 310, 320 (3rd Cir. 2001), abrogated on other grounds by Saffold v. Carey, 536 U.S. 214 (2002).  A demonstration cannot be made if the petitioner, acting with reasonable diligence, could have filed on time, notwithstanding the extraordinary circumstances.  See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

In his traverse, Petitioner claims that he was represented by an attorney during his PCRA appellate litigation, and that although the Pennsylvania Supreme Court denied his allowance of appeal on April 29, 2014, the attorney did not mail a copy to him until May 5, 2014.  (Doc. 13 at 2.)  He attaches a copy of the postmarked envelope to his traverse.  He claims that he did not receive this mailing from his attorney until May 8, 2014.  As such, he seeks the application of the equitable tolling doctrine to save his federal petition from the untimeliness bar.

The court rejects his argument for the following reasons.  First, with respect to due diligence, Petitioner waited until 350 days into the available period for pursuing PCRA relief to file his PCRA petition.  As such, he placed himself in the position of

of having only 15 days, after he pursued all available avenues of appeal with respect to his PCRA, in which to file his federal habeas petition. With that said, the undisputed facts are that even though he did not receive a copy of the Supreme Court's denial of his petition for allowance of appeal until May 8, 2014, he did not face such "extraordinary circumstances" that he was prevented from submitting a timely petition. He still had the opportunity available to file a timely habeas petition in that the deadline for doing so did not expire until May 14, 2014.[1] For these reasons, the court finds no basis for equitable tolling, and the instant petition will be dismissed as untimely.

## III.   Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

---

[1] A prisoner's mailing is deemed filed on the date it is given to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). As such, Petitioner had at least 5-6 days within which to draft his petition and place it in the prison mail.

encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was right in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

An appropriate order follows.